UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCE BUONOMO, on behalf of Himself and other similarly situated<br>　　　　Plaintiff,<br><br>　　v.<br><br>OPTIMUM OUTCOMES, INC.,<br>　　　　Defendant. | 1:13-cv-5274 |

## PLAINTIFF'S THIRD MOTION FOR CLASS CERTIFICATION

Plaintiff respectfully requests that, pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3), this Court certify this Telephone Consumer Protection Act case as a class action for the following class and subclass of similarly situated persons:

> *All persons whose cellular telephone number Defendant called on or after July 23, 2009, using Livevox (or similar telephone equipment), and/or a prerecorded or artificial voice, where Defendant called a "wrong number" on one or more calls.*

Plaintiff alleges a subclass of persons who notified defendant that it was calling the wrong number. Plaintiff further requests that the Court appoint plaintiff Vince Buonomo as the class representative, and Burke Law Offices, LLC., and SmithMarco, P.C., as class counsel.

In further support of this motion, Plaintiff states:

1.　This motion was originally filed contemporaneously with the complaint in order to prevent the Defendant from mooting the case through an individual offer or judgment or settlement offer. *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). On July 25, 2013, this Honorable Court entered an order denying Plaintiff's motion without prejudice with leave to re-file "once the defendant has appeared." See Doc. #8.

2.　Counsel for Defendant filed their appearances on August 15, 2013.

1

3. On August 27, 2013, subsequent to Defendant filing its appearance, Plaintiff filed his Second Motion for Class Certification. (Doc. # 16).

4. On December 5, 2013, Defendant filed a Motion to Strike Plaintiff's Class Allegations (Doc. # 45).

5. On January 22, 2014, this Court entered an order denying Plaintiff's Second Motion to Certify Class without prejudice to refile upon this Court's ruling on Defendant's Motion to Strike. (See Doc. # 61).

6. On March 17, 2014, this Court entered a ruling on Defendant's Motion to Strike, granting it in part, denying it in part, and denying it as moot in part. (Doc. # 66).

7. On March 31, 2014, Plaintiff filed his Second Amended Complaint, revising the scope of the class. (See Doc. # 70).

8. To date, no stipulations have been made between the parties that would otherwise protect the class from being mooted out by an individual offer of judgment. Thus, to protect the class, Plaintiff again files his Motion for Class Certification. Plaintiff is amenable to delaying the briefing schedule or entering and continuing the motion to a later date to allow the parties to obtain discovery.

9. The TCPA, 47 U.S.C. §227(b) prohibits any person, including debt collection agencies, from calling cell phones using autodialers and/or prerecorded messages; so-called "robocalls." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 745 (2012); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012). Any telephone system that has the capacity to dial numbers without human intervention is a "predictive dialer" and is regulated by the Act. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Doc. 02-278, 23 FCC Rcd. 559, 566 paragraphs 12-14 (January 4, 2008).

10. Defendant called Plaintiff on his cell phone using a predictive dialer and prerecorded message numerous times in the four years leading to the filing of the complaint in this matter. Some or all of these calls appear to have been made in order to collect a debt from someone other than Plaintiff. The calls persisted even after Optimum Outcomes Inc., had been informed that it was calling the wrong number and after Plaintiff had demanded that the calls stop.

11. The United States Supreme Court recently found:

> In enacting the TCPA, Congress made several findings relevant here. Unrestricted telemarketing, Congress determined, can be an intrusive invasion of privacy. TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings).
>
> In particular, Congress reported many consumers are outraged over the proliferation of intrusive, nuisance telemarketing calls to their homes. Automated or prerecorded telephone calls made to private residences, Congress found, were rightly regarded by recipients as an invasion of privacy.

*Mim ,* 132 S.Ct. 740, 745 (2012) (some internal quotation marks and citations omitted, paragraph break supplied).

12. The Seventh Circuit in *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012), explained why "robocalls" like those which are challenged in this case cause so much annoyance and frustration among consumers:

> The machine, called a predictive dialer, works autonomously until a human voice comes on the line. If that happens, an employee in Bill Collector's call center will join the call. But Customer no longer subscribes to Cell Number, which has been reassigned to Bystander. A human being who called Cell Number would realize that Customer was no longer the subscriber. But predictive dialers lack human intelligence and, like the buckets enchanted by the Sorcerer's Apprentice, continue until stopped by their true master.
>
> Meanwhile Bystander is out of pocket the cost of the airtime minutes and has had to listen to a lot of useless voicemail. (We use Bill Collector as the caller, but this simplified description could as easily use an advertiser that relies for consent on earlier transactions with Customer, or a box that Consumer checked on a vendor's web site.)

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

13. Numerous TCPA class actions have been certified. At least two such certification orders, *Balbarin v. North Star Capital Acquisition*, LLC, 2010 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011), and *Mitchem v. Illinois Collection Service*, 2009 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D. Ill. Jan. 3, 2011) were §227(b) autodialer/prerecorded message cases against debt collection agencies, and are analogous to this telemarketing case.

14. So-called "junk fax" TCPA cases, which are regularly certified in this District, are also analogous to this one. The Seventh Circuit refused to reverse Judge Bucklo's certification of a TCPA "junk fax" case on any ground other than the adequacy of the questionably truthful class representative in *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721 (7th Cir. 2011). While the District Judge was instructed to reevaluate adequacy, the Seventh Circuit stated that the merits of the case, including the defendant's "consent" defense "-win or lose - might well be suitable for determination on a classwide basis." *Id.* at 728.

15. Other TCPA class certifications abound. *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Hinman v. M & M Rental Ctr.*, 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Gortho, Ltd., v. Websolv*, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Ct. App. 2006); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App.

2003); *Nicholson v. Hooters of Augusta, Inc*., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions).

16. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

17. Numerosity. There is no reason to purchase or use a predictive dialer, other than to make a large volume of calls.

18. Furthermore, given the nature of the alleged violations, i.e. making automatically dialed and prerecorded message telemarketing calls, it is reasonable to infer that the defendant made impermissible robocalls to more than the 40 or so individuals necessary to satisfy numerosity. Joinder is therefore impracticable and satisfy numerosity for certification purposes. Fed.R.Civ.P. 23(a)(1). Plaintiff requests time enough in briefing this motion in order to obtain discovery on this issue.

19. Common Questions Predominate. There exist common questions of law and fact, which predominate over any individual questions. The class definition ensures that all of class members have identical claims; both factually and legally. Fed.R.Civ.P. 23(a)(2) & 23(b)(3).

20. Typicality. Similarly, the Plaintiff's claims are typical of the other class members. All of the claims are based upon a substantially identical set of facts and circumstances. Fed.R.Civ.P. 23(a)(3). The same dialers and similar messages were used for the entire class.

21. Adequacy. Plaintiff and counsel will fairly and adequately represent the class. Plaintiff's interests in this litigation are aligned with those of the class, and he has hired a lawyer experienced in class action and consumer litigation. Exhibit A. Fed.R.Civ.P. 23(a)(4).

22. Defendant's Actions Applicable Generally. The Defendant has acted or failed to act on grounds generally applicable to each class member, and it is these generalized actions

around which this case revolves. Defendant called each class member on his or her cellular telephone using an autodialer and prerecorded message. Class-wide Injunctive relief under the TCPA 47 U.S.C. §227(b)(3)(A), along with corresponding declaratory relief is therefore appropriate. Fed.R.Civ.P. 23(b)(2). All class members, who are the incorrect party, would benefit from the cessation of these annoying calls and defendant's opt-out policy.

23. <u>Superiority</u>. It is desirable to have this case litigated as a class action because the class mechanism is superior to individual actions. Plaintiff is not aware of any other cases alleging similar facts against these Defendant; likely because the other members of the class are not aware that their rights have been violated. Further, a class action is necessary to determine that Defendant's conduct is a violation of law and to redress the class members' statutory damages. Fed.R.Civ.P. 23(b)(3). The issue of whether Defendant's equipment and messages complied with the TCPA predominates over any individual issues that may arise.

24. Because the prerequisites of Fed.R.Civ.P. 23(b)(2) and 23(b)(3) are satisfied, this Court should certify the class. Plaintiff requests that the Court set a briefing schedule for this motion sufficient to permit time for service of the complaint, discovery and the filing of a supplemental memorandum in support of this motion.

25. There is an affirmative defense available to a TCPA creditor defendant like Optimum Outcomes, Inc., which may be proven by showing through clear and convincing evidence that it received the phone number it called from the called party, with respect to the alleged debt about which it was calling. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Doc. 02-278, 23 FCC Rcd. 559, 565 ¶¶ 9-12 (January 4, 2008) ("We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during

the transaction that resulted in the debt owed.") The class in this case is defined so that the defense is not available to any class member, because Optimum Outcomes did not receive any class members' telephone number from the recipients of the calls, with respect to the subject matter for which it was calling.

WHEREFORE, Plaintiff respectfully requests that this Court certify this case as a class action as to the class defined herein, and appoint plaintiff Vince Buonomo as class representative, and Burke Law Offices, LLC., and SmithMarco, P.C., as class counsel.


Respectfully submitted,

/s/ David M. Marco
/s/ Larry P. Smith
/s/ Alexander H. Burke


Larry P. Smith
David M. Marco
SmithMarco, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
(312) 222-9028
(888) 418-1277 (fax)
dmarco@smithmarco.com
lsmith@smithmarco.com
www.SmithMarco.com

Burke Law Offices, LLC.
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com
Co-Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VINCE BUONOMO, on behalf of | ) | |
| Himself and other similarly situated | ) | |
|     Plaintiff, | ) | 1:13-cv-5274 |
| | ) | Judge St. Eve |
|     v. | ) | Magistrate Judge Cox |
| | ) | |
| OPTIMUM OUTCOMES, INC., | ) | |
|     Defendant. | ) | |

## CERTIFICATE OF SERVICE

**To:** Alan I. Greene
Peter E. Pederson
John P. Ryan
David M. Schultz
Hinshaw & Culbertson, LLP
222 North LaSalle Street, Suite 300
Chicago Illinois 60601

    I, David M. Marco, an attorney, certify that on **March 31, 2014**, I shall cause to be served a copy of **Plaintiff's Third Motion for Class Certification**, upon the above named individual(s) by: depositing same in the U.S. Mail box at 205 North Michigan Avenue, Suite 2940, Chicago, IL 60601, prior to 5:00 p.m., postage prepaid; messenger delivery; Federal Express; facsimile transmitted from (888) 418-1277; email; and/or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

| | | | |
|---|---|---|---|
| \_\_\_\_ | U.S. Mail | \_\_\_\_ | Email |
| \_\_\_\_ | Messenger Delivery |  X  | ECF |

                                                                          By:    s/ David M. Marco
                                                                                   Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:    (312) 546-6539
Facsimile:     (888) 418-1277
E-Mail:        dmarco@smithmarco.com