**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VINCE BUONOMO, on behalf of** | ) | |
| **Himself and other similarly situated** | ) | |
|      **Plaintiff,** | ) | **1:13-cv-5274** |
| | ) | |
| **v.** | ) | **Judge St. Eve** |
| | ) | **Magistrate Judge Cox** |
| **OPTIMUM OUTCOMES, INC.,** | ) | |
|      **Defendant.** | ) | |

**PLAINTIFF'S ESI STATUS REPORT**

This is an autodialer TCPA class action. The proposed class is comprised of persons who were called as a "wrong number." There is a proposed subclass of persons who received autodialed calls after Optimum had notice it was calling the wrong number. Plaintiff respectfully submits this report to inform the Court of headway the parties made through ESI talks, and to propose a plan for production of data.

**Report as of the July 25, 2014 Meet and Confer** (10:30am -12:45pm)

1. <u>Easy, Information-Rich Queries</u>: Optimum told plaintiff during this call that it can, with ease, query and produce the following data:

    a. All accounts records with dialer calls during the class period that contain a G2 "wrong number" code, on the Downer's Grove, IL "Cyclogic" database;

    b. All accounts records with dialer calls during the class period where phone numbers have been "nined out" on the Downer's Grove, IL "Cyclogic" database;

    c. All accounts records with dialer calls during the class period where the Livevox database[1] shows "AGENT – wrong number" in the "outcome" field.

---

[1] During the meet and confer, Optimium Outcomes explained that it has access to two years of Livevox data, including the "AGENT – Wrong Number" outcome, and can easily run queries on that data.

2. <u>More Autodialers</u> - Optimum disclosed that both its Downer's Grove, IL and Raleigh, NC, locations used autodialer systems not understood to have been disclosed previously. The Downer's Grove location used an Aspect dialer; neither Defendant's counsel nor Defendant's ESI liaison knew what kind of autodialer the Raleigh location used.

3. <u>Number of Accounts</u> – Optimum's lawyers disclosed during the call that there are about twenty-one million accounts in the Downer's Grove, IL database, and thirty-five million accounts in the Raleigh, NC database. When asked whether these numbers meant (e.g. total accounts over the thirteen-year history of the company, live accounts, accounts with autodialer calls), neither Defendant's counsel nor Defendant's ESI liaison was able to answer.

4. <u>Limited Raleigh Information</u> – Optimum's counsel and ESI liaison continued to know almost nothing about the database at Raleigh, which contains the majority of account records. Although a collector's manual for use of the Raleigh computer system has been produced, Optimum's counsel has told Plaintiff that the computer coding in the manual was not generally used, as a matter of policy. No other written description of how wrong numbers were noted in this database has been provided, although during the call it was explained by Optimum that collectors generally deleted phone numbers that were wrong numbers, and made notes in the system.

5. <u>Downer's Grove Collector's Manual</u> – On July 17, 2014, Optimum produced a printed-then-scanned PDF version of a collection agent manual for its Downer's Grove "Cyclogic" database. The manual has a revision date of July 15, 2014. Plaintiff pointed this out a few minutes after its production, and asked for manuals that span the class period, but has not

received any such manuals. Optimum committed to production of all such manuals, including any Livevox manuals,[2] by August 1, 2014.

6. <u>Missing Call Record</u>: There was a prerecorded call to Plaintiff on June 7, 2013 (after Optimum had logged in its system that it had been calling the wrong number), which does not appear in Optimum's production of its own data. The call does, however, appear in the Livevox data, and appears in Plaintiff's records. Although Plaintiff has, several times in writing, requested an explanation of why the call is missing from Optimum's database (e.g. on July 9, 2014), Defendant's counsel explained today that the missing call *might* be the result of his client having cut-off the line of data containing this call when assembling "screen prints" of data from its collection screens for production in this case. Optimum has committed to explaining what happened by the time the parties meet in court on July 28, 2014.

7. <u>Data Preservation</u>: Livevox archives and compresses call data after 24 months, and it seems probable that Livevox call (and wrong number) data for calls between March 2012 and July 2012, may have been archived and compressed. Neither Defendant's counsel nor its ESI Liaison knew whether any attempt to preserve data was ever made, and have agreed to check into such.

8. <u>Free-Form Notes</u>: Plaintiff understands that Optimum's official procedure for denoting a "wrong number" in its Downer's Grove system[3] included the following four steps:

    a. Mark the account with a G2 Code designation;

    b. "Nine out" the phone number;

---

[2] Plaintiff's counsel had a meet and confer with Livevox's general counsel and outside counsel on July 22, 2014, to discuss the subpoena issued to Livevox. It was explained by Livevox that Optimum has access to substantial usage manuals and call data not previously disclosed to plaintiff.

[3] Again, Optimum has provided insufficient information regarding its Raleigh system for plaintiff to begin to understand that aspect of its calling or database.

    c. Select "AGENT – Wrong Number" from a drop-down menu to transmit such information to Livevox; and

    d. Make a hand-typed free-form notation in the "account notes" data table.

Generally, each "wrong number" call should include all four indicia. However, Optimum claims that there are instances where collection agents did not follow the protocol they were supposed to. As indicated, searching and producing the first three datasets is quite easy. Defendant contends the database tables that contain the collection notes are very large, and the notes fields are not indexed so that queries on the tables will be slow and affected by the number of terms, i.e. variations of phrases used to describe wrong number, used in them. Optimum has committed to disclosing this information by August 1, 2014, after having reviewed the database and interviewed collection agents as to their practice. Review of any G2 and "nine out" accounts, if produced, will show abbreviations and iterations, too.

**Defendant's Proposal** (as understood by Plaintiff)

Defendant's counsel proposed during the call that it produce a sampling of 1,000 accounts, regardless of whether there is any indication of "wrong number" in them. As explained by Defendant's counsel, this will demonstrate to Plaintiff what a low percentage of accounts such calls happened. Defendant's counsel suggested during the call that the number of wrong number indicated accounts might be fifty out of one-thousand. According to Optimum, the 950 accounts with no wrong number indicators, plus the 50 accounts that may contain such, will be "enough" for Plaintiff to prove his case.

**Plaintiff's Proposal**

Plaintiff does not believe production of data or account information the parties know have nothing to do with "wrong number" calls is productive or efficient. Plaintiff proposes a

two-tiered production, beginning with production of two targeted data sets immediately. As explained below, those targeted data sets will assist the parties with ascertaining an appropriate third data set (possibly a sampling) of "free form" notes.

Plaintiff proposes that the Court order Optimum to produce all account and dialer records for any account where any Livevox, Aspect or other dialer call was made on or after July 23, 2009, where there is a G2, "nine out" or Livevox "AGENT - wrong number" indicia. This dataset is expected to contain the vast majority of class members, and will provide Plaintiff with insight into what abbreviations were used for "wrong number" in the free-form notes.

Plaintiff proposes that the parties should continue to meet and confer as to how best to produce the free-form notes, including what a production of a sampling of such files might look like. Plaintiff needs additional information in order to assess how to best to do a sampling, however, including: (1) more information about the Raleigh, NC database and recordkeeping practices as to "wrong numbers" and (2) more information about the "universe" of accounts where there were autodialed calls during the class period.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**SMITHMARCO, P.C.**
David M. Marco

<a>
</a>
Larry P. Smith
205 N. Michigan Ave., Suite 2940
Chicago, Illinois 60601
Telephone**:** (312) 546-6539
Facsimile: (888) 418-1277
E-mail: [dmarco@smithmarco.com](mailto:dmarco@smithmarco.com)
[lsmith@smithmarco.com](mailto:lsmith@smithmarco.com)