1

1         IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS
2                   EASTERN DIVISION

3  VINCE BUONOMO, on behalf of himself  ) Docket No. 13 C 5274
   and others similarly situated,       )
4                                        )
                             Plaintiff,)
5                                        )
            vs.                          )
6                                        )
   OPTIMUM OUTCOMES, INC.,               ) Chicago, Illinois
7                                        ) June 10, 2014
                             Defendant.) 8:44 o'clock a.m.
8
             TRANSCRIPT OF PROCEEDINGS - MOTION
9          BEFORE THE HONORABLE AMY J. ST. EVE

10  APPEARANCES:

11  For the Plaintiff:        BURKE LAW OFFICES, LLC
                              BY:  MR. ALEXANDER H. BURKE
12                            155 North Michigan Avenue, Ste 9020
                              Chicago, Illinois  60601
13
                              SMITHMARCO, P.C.
14                            BY:  MR. DAVID M. MARCO
                              205 North Michigan Avenue, Ste 2940
15                            Chicago, Illinois  60601

16  For the Defendant:        HINSHAW & CULBERTSON
                              BY:  MR. JOHN P. RYAN
17                            222 North LaSalle Street, Suite 300
                              Chicago, Illinois  60601
18
    Court Reporter:           MR. JOSEPH RICKHOFF
19                            Official Court Reporter
                              219 S. Dearborn St., Suite 1232
20                            Chicago, Illinois  60604
                              (312) 435-5562
21            * * * * * * * * * * * * * * * * * *

22                  PROCEEDINGS RECORDED BY
                   MECHANICAL STENOGRAPHY
23             TRANSCRIPT PRODUCED BY COMPUTER

24

25

1          THE CLERK:  Recall 13 C 5274, Buonomo vs. Optimum

2   Outcomes, Inc.

3          MR. BURKE:  Good morning, Judge, Alexander Burke for

4   the plaintiff.

5          THE COURT:  Good morning, again.

6          MR. MARCO:  Good morning, David Marco also for

7   plaintiff, your Honor.

8          MR. RYAN:  Good morning, your Honor, John Ryan on

9   behalf of the defendants.

10          Sorry for my tardiness.  The Blue Line was running a

11  little late this morning.

12          THE COURT:  You are here on your motion to stay in

13  light of the FCC addressing some underlying issues.

14          Have you seen the motion?

15          MR. BURKE:  Yes, Judge.

16          THE COURT:  What is your response?

17          MR. BURKE:  Judge, we oppose the motion.  We think

18  that -- there are two grounds for the stay motion.  One is

19  that the defendant hopes that the FCC will redefine the

20  definition of "automatic telephone dialing system," and the

21  second is that the defendant hopes that the FCC exempts wrong

22  number calls from the TCPA as to debt collectors.

23          On the first ground, we oppose the stay because, in

24  this case, we have prerecorded messages in addition to

25  automatic telephone dialing system.  So, even if the FCC rules

1    in the defendant's favor on that point, the case will not be

2    affected.

3           On the second point, the wrong number point, the

4    complaint in this action alleges that there were calls after

5    the defendant was notified that it was calling the wrong

6    number.

7           Furthermore, the prerecorded messages that were used

8    by the defendant -- which have not been produced yet, but that

9    we understand the content of those messages said, "If you are

10   the wrong person, please hang up"; and, that is what the

11   plaintiff did.  So, there was actual notice from the plaintiff

12   to the defendant that it was calling the wrong number.

13          So, we oppose the stay.

14          MR. RYAN:  Your Honor, if I may, we actually have

15   three grounds for the motion to stay.  The wrong number issue

16   is obviously the most important issue.

17          THE COURT:  Right.

18          MR. RYAN:  And the wrong number issue is the basis

19   for the complaint.  It's the basis of their whole entire class

20   action.

21          The idea that they informed my client that he had the

22   wrong number would completely change the class definition.  He

23   is trying to make a Soppet case.  So, if he's going to change

24   his class definition to somehow he revoked consent or gave us

25   some kind of notification, that completely changes the class

1   definition.

2       The FCC has taken this issue -- it was submitted in

3   October -- a Commissioner released a statement in March, and

4   now an overwhelming majority of the courts on just the wrong

5   number issue -- which his whole entire complaint is based upon

6   -- is staying it because it just -- for two reasons:  First,

7   whether a wrong number call even violates TCPA; and, second,

8   whether -- if it does violate the T- -- whether a wrong number

9   call does violate the TCPA, whether they should create some

10  kind of an exemption for such calls.

11      Because, otherwise, a wrong number party -- if there

12  is no duty to mitigate, a wrong number party -- can just sit

13  there and just keep collecting these calls, call after call,

14  call after call; and, nobody knows they're calling the wrong

15  number and, then, the number -- calls stop and then they bring

16  a claim.

17      THE COURT:  Is the FCC definitely going to address

18  the "wrong party"?

19      MR. RYAN:  Yes, your Honor.

20      So, in October, the petition --

21      THE COURT:  Or wrong number issue.

22      MR. RYAN:  Yes, your Honor.

23      In October, the petition was submitted for the wrong

24  number issue.  And, then, in March, Commissioner O'Rielly

25  issued a statement saying, "We have to address this issue."

1          MR. BURKE:  But the only issue that the FCC has taken

2     up is the issue of wrong numbers where the defendant does not

3     know that it's calling the wrong number, that it has no

4     notice.  That's the particular issue in the request for public

5     comment.  Our position is that this case falls outside of that

6     issue.

7          MR. RYAN:  Your Honor, two things.  First, there was

8     no notice to my client.  But let's even assume there was

9     notice to my client -- because my client did not get this

10    account until months later.  But let's assume for purposes of

11    this matter that the plaintiff did give my client notice.

12    That would completely change his class definition.  His class

13    definition isn't all wrong party calls who gave notice and you

14    still called.  His class definition right now is a simple

15    Soppet case.

16         MR. BURKE:  That is not true, your Honor.  We have --

17         THE COURT:  Here is what I am going to do.  I am

18    going to grant your motion, in part.

19         I am not sure how quickly the FCC is going to move.

20    So, we could be waiting forever.  So, I am not going to put a

21    halt on everything.  I am going to stay oral discovery at this

22    point, which I do not think anything -- you are not in a

23    position yet to start that anyway.

24         Because of all the delays and the issues you had

25    getting there, I want you to go forward with the ESI discovery

1    that I laid out for you last month, including having your ESI

2    liaisons talk, and come back here on July 7th, as previously

3    scheduled with respect to the ESI.  Maybe we will have

4    something by then.

5            Again, I am not going to halt everything.  I do want

6    you to go forward with that aspect.  And when you come back on

7    the 7th, we will see where you are on that and see if we have

8    anything from the FCC at that point.

9            MR. RYAN:  Okay.  Thank you.

10           MR. BURKE:  Thank you, your Honor.

11           MR. MARCO:  Thank you, Judge.

12                        *     *     *     *     *

13

14   I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.

15

16
     /s/ Joseph Rickhoff                    July 24, 2014
17   Official Court Reporter

18

19

20

21

22

23

24

25