IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Vince Buonomo, on behalf of himself and all other similarly situated, )<br><br>Plaintiff, )<br>v. )<br>Optimum Outcomes Inc., )<br><br>Defendant. ) | Case No.:1:13-cv-5274<br><br>Judge St. Eve<br>Magistrate Judge Cox |

## JOINT STATUS REPORT

The parties advise the Court that they were not able to reach an agreement regarding how the case should proceed or the terms of a proposed scheduling order. Below are separate proposals from the parties:

**Plaintiff's Proposal**

Plaintiff understands that this Court has asked that the parties set forth proposals for finalizing discovery, so that class certification and summary judgment motions may be filed as expeditiously as practicable. Plaintiff needs the remainder of the call data sample, additional written discovery, and depositions in order to move this case forward.

The current status of the case is that Optimum has not produced a complete sample of call records; missing information includes, for example: (1) the phone numbers that were called, and (3) whether a prerecorded message was played. Plaintiff anticipates filing a motion to compel the missing information, as well as any other written discovery known to be deficient in the next two weeks. Oral discovery is currently stayed; plaintiff requests that the Court lift the stay so that he can take depositions in order to properly support his motion for class certification, and his position on the merits.

Plaintiff therefore proposes the following schedule:

- December 12, 2014 – Optimum provide its response to plaintiff's discovery requests concerning its "prior express consent" defense. Any motion concerning such responses due December 18, 2014.

- February 15, 2015 – Written and oral discovery closes.

- March 6, 2015 – Plaintiff's motion for class certification, and any cross-motion asking that certification be denied, due.

Plaintiff objects to Optimum's proposal that it file *another* preemptive motion regarding whether class certification should be denied, before: (1) Optimum has produced the entire call data sample, (2) Optimum has produced all other information relevant to class certification, and (3) plaintiff has had the opportunity to depose Optimum and Livevox.

**Defendant's Proposal**

Defendant has produced account information for a random sample of 4,000 accounts based upon a method agreed to by the parties. The sample includes over 250,000 lines of data. The information contained in the sample is sufficient for the parties to argue and for the Court to determine whether Plaintiff can electronically show all the truly wrong number calls or whether Defendant has been correct in asserting that this requires an individual inquiry and a manual review of each account note. Defendant's manual review of the sample (which has not been completed given the amount of data to be complete) shows that Defendant's argument that debtors lie about whether you have contacted the wrong number is supported by the sample. This is the reason we performed the sample and the procedural history of this case proves it.

Pursuant to the Court's previous rulings, Plaintiff's alleged class is limited to those who received wrong party calls. The issue of whether a wrong party call violates the Telephone Consumer Protection Act ("TCPA") is now before FCC. Defendant has consistently argued

130942319v1 0948914

since the beginning of this case that a class cannot be certified because debtors will lie about whether Defendant truly contacted a wrong number. Defendant also argued that this case should be stayed pending a ruling from the FCC. The Court denied the motion to stay, but stated that the Court could revisit Defendant's motion to stay in the future.

The Court also ordered Defendant to produce a random sample of its accounts during the class period. Defendant argued that a manual review of each account in a sample would show that debtors lie about whether Defendant had contacted a wrong number, so a class could not be certified. Plaintiff argued that he wanted all the data for the alleged class period because a class can be found using an electronic search. Given the motion to stay pending a ruling from the FCC, the Court decided that the parties should proceed with a sample because if the information in the sample showed that a class could not be certified, then this case would most likely move toward a quick ending.

Contrary to Plaintiff's statement above, Defendant produce a random sample of 4000 accounts to Plaintiff; which included the account notes for each. Defendant continues to manually review each account note. Defendant's initial review shows that the information in the sample shows exactly what Defendant said it would. Debtors will lie and say that Defendant has contacted the wrong number, even though Defendant contacted the right number.

There is a significant amount of data to review for the sample. Therefore, Defendant has not completed its manual review of all the account notes. There are over 200,000 lines data that need to be reviewed from just the Downers Grove office. Thus, Defendant proposes the following:

1. Defendant completes its review of the sample by 12/24/2014.
2. Defendant to file a dispositive motion on plaintiff's motion for class certification by 1/30/15.
3. Plaintiff to file a response by 2/27/15.

130942319v1 0948914

4. Defendant to file a reply by 3/13/15.

Respectfully submitted,

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| /s/Alexander H. Burke | /s/John P. Ryan |
| BURKE LAW OFFICES, LLC | HINSHAW & CULBERTSON LLP |
| 155 N. Michigan Ave., Suite 9020 | 222 N LaSalle Street, Suite 300 |
| Chicago, IL 60601 | Chicago, IL 60601 |
| (312) 729-5288 | (312)704-3000 |
| (312) 729-5289 (fax) | (312)704-3001 (fax) |
| ABurke@BurkeLawLLC.com | jryan@hinshawlaw.com |
| www.BurkeLawLLC.com | |